In the Matter of the Arbitration between SAMUEL SANDERS et al., Copartners Doing Business as LIONDALE SHIRT COMPANY, Appellants, and NEW YORK JOINT BOARD OF THE SHIRTS, LEISUREWEAR, ROBES, RAINWEAR, PAJAMAS, UNDERWEAR AND BOYS BLOUSE WORKERS OF THE AMALGAMATED CLOTHING WORKERS OF AMERICA, Respondent.

Appeal (1) from an order of the Supreme Court at Special Term, entered February 26, 1952, in New York County, which denied a motion by appellants for an order permanently staying arbitration between the parties, and (2) from so much of an order of said court entered on said date in said county as, upon reargument, adhered to the original decision.

*Per Curiam.* The question presented is whether an arbitrable issue exists under a collective bargaining agreement executed by the parties on February 1, 1946. This agreement contained an arbitration clause. In 1951, however, after considerable negotiation, the parties for a valid consideration exchanged writings terminating and canceling the 1946 agreement. A general release was also delivered by the union to the employer at that time.

The union now claims that the employer has breached one of the covenants contained in the 1951 agreement whereby the employer promised to discontinue manufacturing a certain line of merchandise. It demands arbitration under the 1946 agreement. The employer's motion to stay the arbitration was denied by Special Term. We think that the motion should have been granted. There can be no question that the 1951 agreement was intended to end the life of the former collective bargaining contract. Though we do not consider that it necessarily controls the decision, we find a clear intent to have the 1951 transaction constitute a complete settlement, and not a mere executory accord between the parties.

Any contention that the 1951 agreement may be avoided or has been breached must be determined in a plenary suit. Such contentions are entirely divorced from the original collective bargaining agreement. (See *Matter of Binger* [*Thatcher*], 279 App. Div. 650, affd. 304 N. Y. 627.)

The orders so far as appealed from should be reversed, with $20 costs and disbursements to appellants, and the motion granted.

Peck, P. J., Dore, Cohn and Callahan, JJ., concur.

Orders, so far as appealed from, unanimously reversed, with $20 costs and disbursements to appellants, and the motion granted. Settle order on notice.